CD/IL PROB 12B
(Rev. 3/99)

# United States District Court

for

**CENTRAL DISTRICT OF ILLINOIS**

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

| | | |
|---|---|---|
| **NAME/ADDRESS OF OFFENDER:** | NICKOLAS F. KEITH<br>310 Frevent Avenue<br>East Peoria, IL 61611 | **CASE NUMBER:** 99-10083-001 |
| **SENTENCING JUDICIAL OFFICER:** | HONORABLE MICHAEL M. MIHM<br>U.S. District Judge | |
| **DATE OF ORIGINAL SENTENCE:** | 12/21/00 | |
| **ORIGINAL OFFENSE:** | Possession of Methamphetamine with Intent to Distribute | |
| **ORIGINAL SENTENCE:** | 14 months custody, $500.00 fine, 6 years supervised release with special conditions: 1)Financial disclosure; 2) No new debts over $200; 3) Not own/purchase/possess a firearm/ammunition/dangerous weapon; 4) Participate in substance abuse treatment/testing, no use of alcohol. | |
| **TYPE OF SUPERVISION:** | Supervised Release | |
| **DATE SUPERVISION COMMENCED:** | 10/19/01 | |

## PETITIONING THE COURT

[ ]   To extend the term of supervision for  years, for a total term of  years.
[X]   To modify the conditions of supervision as follows:

**Special Condition No. 5:** You shall serve 60 days in home confinement during your term of supervision. The home confinement will commence at a time as directed by the probation officer. You shall sign the rules of home confinement/electronic monitoring and comply with the conditions of home confinement. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You shall wear an EM device, and you shall pay the cost of this program as directed by your probation officer.

**Special Condition No. 6:** You shall participate in psychiatric services and/or a program of mental health counseling/treatment, to include anger management/domestic violence counseling as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. You shall pay for these services as directed by the probation officer.

Re:  KEITH, Nickolas F.                                                                2

**CAUSE**

Since the commencement of his term of supervised release, offender Keith has participated in a program for random substance abuse testing as directed by the probation office. Throughout the course of supervision, the offender has had minor compliance problems with the directives of the probation office, in that on occasion, he has failed to provide samples for substance abuse testing in a timely manner. This problem has been continually addressed with offender Keith, via verbal reprimands. There is no suspicion that the offender is currently using or has used drugs while under supervision.

In January 2005, the offender was placed on a program for random substance abuse testing at the Human Service Center due to the offender changing his residence. During the months of January and February 2005, the offender failed to submit to any drug testing. Due to miscommunication, the probation office was not notified of this by the treatment provider until March 3, 2005. The offender was immediately reprimanded by the probation officer, again instructed to begin participation in the program, and was placed on a more intensive testing schedule with the admonishment that further missed testing would result in sanctions. On April 14, 2005, the offender failed to report to the Human Service Center for drug testing. The offender was contacted April 15, 2005, and instructed to report to the probation office on April 18, 2005.

On April 18, 2005, the offender failed to report to the probation office as directed. On that date, the probation officer attempted to contact the offender at his residence and place of employment, however, the offender was not located. At approximately 9 p.m. that day, the offender left a message at the probation office that he had been arrested on April 18, 2005, in Woodford County, Illinois, and had just returned home from jail.

On April 18, 2005, at approximately 11:22 p.m. a Eureka, Illinois, police officer stopped the vehicle which offender Keith was driving for failing to signal a turn. The offender was subsequently arrested on a Peoria County, Illinois, warrant issued for failure to pay a fine in that county. It was also found that the offender's driver's license had been suspended. As a result of his behavior, the offender was cited for driving while license suspended. The offender was released from custody on April 18, 2005, after posting an $800 cash bond. The offender has to appear in Peoria County Circuit Court and Woodford County Circuit Court regarding the above charges on May 25, 2005.

On April 19, 2005, the offender reported to the U.S. Probation Office. He admitted he was driving his vehicle on April 18, 2005, in Eureka; however, he stated he did not know his driver's license had been suspended. The offender offered no excuse for missing his drug test on April 14, 2005. As a sanction for missing drug test, the offender was directed to pay for all future drug tests. Additionally, he will be placed on a weekly reporting schedule with the probation officer. On May 2, 2005, the offender again failed to provided a urine sample for drug testing. The offender stated that due to a conflict with his work schedule, he could not get to the Human Service Center prior to their closing for the evening. The offender has been admonished that any further violations will result in a request for revocation of his supervised release.

During the course of the investigation into the offender's arrest, it was learned that on April 11, 2005, a Plenary Order of Protection was granted to Miranda Ware, the offender's ex-girlfriend, with whom the offender has a child. The order was based on Ware's Verified Petition for Order of Protection filed in Peoria County, Illinois, Circuit Court which alleged offender Keith had harassed Ware via the telephone and during one conversation, threatened to cause her physical harm.

The above-recommended modifications, in conjunction with increased reporting, and increased drug testing, for which the offender must pay, will sanction offender Keith's non-compliance, while holding him accountable to the conditions of supervised release. Due to the current order of protection, it would also be prudent to require that the offender participate in domestic violence counseling if deemed appropriate by the probation officer. The offender is currently employed, has custody of his brother (a minor), and has financial obligations for his infant

Re:  KEITH, Nickolas F.                                                     3

child.  This modification has been discussed with offender Keith, and he has agreed
with it as stated and has signed the waiver of hearing.  Assistant U.S. Attorney K.
Tate Chambers has been advised of the proposed modification and concurs.

                                            Respectfully submitted,

                                            s/Jason R. Hunt

                                            JASON R. HUNT
                                            U.S. Probation Officer
                                            Date: May 19, 2005

JRH:tm

---

THE COURT ORDERS:

[   ] No Action
[   ] The Extension of Supervision as Noted Above
[ X ] The Modification of Conditions as Noted Above
[   ] Other

                                            _____
                                            S/Michael M. Mihm
                                            HONORABLE MICHAEL M. MIHM
                                            U.S. District Judge
                                            Date: May 19, 2005

1:99-cr-10083-MMM    # 32    Page 3 of 4

PROB 49
(3/89)

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
## Central District of Illinois

  I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

  I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

  **Special Condition No. 5:** You shall serve 60 days in home confinement during your term of supervision. The home confinement will commence at a time as directed by the probation officer. You shall sign the rules of home confinement/electronic monitoring and comply with the conditions of home confinement. During this time, you will remain at your place of residence except for employment and other activities approved in advance by your probation officer. You shall wear an EM device and you shall pay the cost of this program as directed by your probation officer.

  **Special Condition No. 6:** You shall participate in psychiatric services and/or a program of mental health counseling/treatment, to include anger management/domestic violence counseling as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. You shall pay for these services as directed by the probation officer.

| Witness: | s/Jason R. Hunt | Signed: | s/Nickolas F. Keith |
|---|---|---|---|
| | Jason R. Hunt | | Nickolas F. Keith |
| | U.S. Probation Officer | | Probationer or Supervised Releasee |

May 19, 2005